RUSSELL, PLAINTIFF-APPELLANT, v. RUSSELL, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Mahoning County.

No. 4177. Decided December 26, 1961.

Mr. Michael L. Flynn, for plaintiff-appellant.
Mr. Theodore T. Macejko, for defendant-appellee.

BROWN, P. J. This is an action to set aside a deed to residence property.

Plaintiff and defendant are brothers.

The deed in question was executed in December, 1939, and recorded in 1955.

Plaintiff's petition and plaintiff's testimony are to the effect that the defendant, his brother, induced the plaintiff to sign a deed of plaintiff's interest in the residence property transferring the same to the defendant by representing that the paper signed was a routine paper in connection with the administration of his mother's estate.

Plaintiff's petition and testimony are to the further effect that there were no witnesses present at the time he signed the deed, and that he did not acknowledge the same before a notary public.

Defendant's answer and testimony denies fraud, and alleges that the deed was properly executed, witnessed and acknowledged.

There is evidence that the residence was built by the defendant for the mother of the parties, and that title was placed in her name, although the lot had belonged to the defendant.

There was evidence that at or after the mother's death the other siblings deeded the interest received by each by inheritance from the other to one or both of the parties here.

The questioned deed was introduced in evidence and appears to be in proper form. The plaintiff acknowledged the signature to be his. The notary and two witnesses testified that their signatures were genuine, and also testified as follows: Neither had a distinct recollection of the execution of the deed in question; both recalled knowing the defendant, John Russell, and one or more of his brothers; each affirmatively stated that on all occasions when they had witnessed or notarized deeds or other instruments they made it their invariable practice to observe the signature being made and to require the deed to be acknowledged by the grantor. This testimony is some evidence that they did so in this instance.

In this type of action the burden is upon the plaintiff to prove the allegations of his petition by clear and convincing evidence. *Christmas* v. *Spink*, 15 Ohio Reports, 600; *National Bank*

530

v. *Wheelock*, 52 Ohio St., 534; *Willis* v. *Baker*, 75 Ohio St., 291; *Ford* v. *Osborne*, 45 Ohio St., 1.

We find that the plaintiff has not sustained that burden.

On the contrary the defendant's evidence seems to us to disprove fraud.

We find that the deed in question was properly executed, acknowledged and delivered and was not fraudulently obtained. Judgment accordingly must be for the defendant.

DONAHUE and GRIFFITH, JJ., concur.